IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2015

## STATE OF TENNESSEE v. JOE CLARK MITCHELL

**Appeal from the Circuit Court for Maury County**
**Nos. 2311, 2312, 2314, 2316-2318, 2320-2322     Robert L. Jones, Judge**

_____

**No. M2015-01539-CCA-R3-CD – Filed January 14, 2016**

_____

The Defendant, Joe Clark Mitchell, was convicted in 1986 of two counts of aggravated kidnapping, two counts of aggravated rape, two counts of armed robbery, two counts of aggravated assault, arson, and first degree burglary and received an effective sentence of three consecutive life sentences plus thirteen years. In 2015, the Defendant filed a motion for correction of the sentences pursuant to Tennessee Criminal Procedure Rule 36.1 contending that his life without the possibly of parole sentences were illegal because such sentences did not exist at the time of the offenses. The trial court summarily dismissed the motion upon finding that the Defendant received life imprisonment sentences, not life without the possibility of parole, and that his sentences were not illegal. On appeal, the Defendant contends that the trial court erred by dismissing the motion and by imposing the costs against him. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Joe Clark Mitchell, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; and Brent A. Cooper, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following the jury's finding the Defendant guilty, the trial court imposed consecutive life imprisonment sentences for the aggravated kidnapping and aggravated rape convictions and ordered concurrent service of the remaining sentences. *See State v. Joe Clark Mitchell*, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App. Apr. 7, 1988), *perm. app. denied*

(Tenn. June 27, 1988). The Defendant appealed his convictions and sentences, and this court reduced one of the aggravated rape convictions to rape and modified the Defendant's sentence to thirteen years. *Id.* As a result, the Defendant's effective sentence became three life sentences plus thirteen years. *Id.* The Defendant unsuccessfully sought additional relief from his convictions. *See Joe Clark Mitchell v. State*, No. M2008-01315-CCA-R3-HC, 2009 WL 1138127 (Tenn. Crim. App. Apr. 28, 2009), *perm. app. denied* (Tenn. Sept. 28, 2009); *Joe Clark Mitchell v. State*, No. M2006-02023-CCA-R3-HC, 2008 WL 203649 (Tenn. Crim. App. Jan. 24, 2008); *Joe Clark Mitchell v. State*, No. M2005-01326-CCA-R3-HC, 2005 WL 3504706 (Tenn. Crim. App. Dec. 21, 2005); *Joe Clark Mitchell v. State*, No. M2005-00229-CCA-R3-CO, 2005 WL 3115858 (Tenn. Crim. App. Nov. 21, 2005); *Joe Clark Mitchell v. State*, No. M2002-03011-CCA-R3-CO, 2003 WL 22243287 (Tenn. Crim. App. Sept. 30, 2003), *perm. app. denied* (Tenn. Dec. 29, 2003); *Joe Clark Mitchell v. State*, No. 01-C-01-9007-CC-00158, 1991 WL 1351 (Tenn. Crim. App. Jan. 11, 1991), *perm. app. denied* (Tenn. Apr. 15, 1991).

The Defendant also previously sought to correct an illegal sentence pursuant to Tennessee Criminal Procedure Rule 36.1, alleging that "the trial court . . . was without jurisdiction to indict/convict and/or enter[] sentences . . . thus rendering the judgments of conviction illegal and void." *See Joe Clark Mitchell v. State*, No. M2014-00754-CCA-R3-CD, 2015 WL 2400239, at *2 (Tenn. Crim. App. May 20, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015). The Defendant argued that the trial court was required to select grand and petit juries from a venire comprised of citizens from each of the four counties of the judicial district in which his trial was held. *Id.* The Defendant also argued that the trial court erred by classifying him as an especially aggravated offender and as a persistent offender and by failing to note a release eligibility percentage on the judgments. *Id.* The trial court summarily dismissed the motion, and this court affirmed. *Id.* at 1.

On June 29, 2015, the Defendant filed his present motion for a corrected sentence pursuant to Rule 36.1 stating that he was sentenced to life without the possibility of parole in direct contravention of our statutes. The Defendant claimed that the Department of Correction had interpreted his life sentences to be life without the possibility of parole sentences. In his memorandum of law in support of his motion, the Defendant stated that he inquired about his potential release date and attached as an exhibit his State of Tennessee counselor's response. The "inmate inquiry – information request" form reflects that the counselor stated, "The 13 year sentence . . . Ct. 2 sentence is consecutive to the life sentence . . . Ct. 1. Since Ct. 2 is consecutive to Ct. 1, you will expire Ct. 2 the 13 yrs. **after** Ct. 1 expires." The trial court summarily dismissed the motion. The court found that the Defendant received life imprisonment and that life imprisonment without the possibility of parole did not exist at the time of the offenses. The court noted this court's modification of one of the Defendant's convictions and the respective sentence in the appeal of the

convictions and found that any errors in sentencing were corrected by this court and were not subject to modification. The trial court taxed the court costs to the Defendant.

On July 31, 2015, the Defendant filed a motion to alter, amend, or find additional facts pursuant to Tennessee Civil Procedure Rules 52.02 and 59.04, alleging that the costs of his motion should have been taxed to the State because he filed the Rule 36.1 motion based upon the parole board's belief the life sentences were imposed without the possibility of parole. The court denied the Defendant's motion to alter or amend after finding that the judgments reflected life imprisonment sentences, not life without the possibility of parole, and that the Defendant's motion pursuant to Rule 36.1 was frivolous and unnecessary. This appeal followed.

The Defendant contends that the trial court erred by finding that his motion to correct an illegal sentence was frivolous and unnecessary. He states that after he inquired about the expiration of his thirteen-year sentence, his State of Tennessee counselor told him that the thirteen-year sentence in Count 2 was consecutive to the life sentence in Count 1 and that the thirteen-year sentence would expire after the life sentence. The Defendant argues that the State's response to his inquiry prompted his motion pursuant to Rule 36.1 and that as a result, the trial court costs and the costs of the present appeal should be taxed to the State. The State responds that the trial court properly denied the motion and taxed the costs to the Defendant.

Tennessee Criminal Procedure Rule 36.1 states, in relevant part, that

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

Tenn. R. Crim. P. 36.1(a). A defendant is entitled to a hearing and the appointment of counsel if the motion states a colorable claim for relief. *Id*. at 36.1(b). Further, the trial court is required to file an order denying the motion if it determines that the sentence is not illegal. *Id*. at 36.1(c)(1).

The judgments attached to the Defendant's motion reflect that the Defendant received sentences of life imprisonment. The record does not reflect that the Defendant was sentenced to life without the possibility of parole. Although the Defendant states that the parole board interpreted his sentences to be life imprisonment without the possibility of parole, the board's interpretation of a sentence does not render a sentence illegal pursuant to Rule 36.1. Furthermore, the record does not reflect that the board concluded the Defendant received a

sentence of life imprisonment without the possibility of parole. Instead, the counselor's response to the Defendant's inquiry reflects that the Defendant was properly informed that the thirteen-year sentence in Count 2 was to be served consecutively to the life imprisonment sentence in Count 1. Nothing in the counselor's response indicates that the board had interpreted the Defendant's sentence to be life without the possibility of parole. We note that consecutive service of three life sentences and the thirteen-year sentence is not the equivalent to a sentence of life without the possibility of parole. The Defendant admits in his appellate brief that he received and the judgments reflect life imprisonment sentences. The Defendant was aware his sentences were not illegal and did not file his motion for the purpose of correcting an illegal sentence. The trial court did not err by summarily dismissing his motion for a corrected sentence.

Relative to the imposition of costs, a trial court may impose costs against a defendant when the defendant files a claim with the court and submits an affidavit of indigency. T.C.A. § 41-21-808(a) (2014), 41-21-802 (2014). The record reflects that although the Defendant submitted an affidavit of indigency, the trial court imposed costs against the Defendant because his motion was frivolous and unnecessary. In determining whether an indigent defendant's claim is frivolous, the trial court may consider the claim's likelihood of success, whether the claim "has a basis in law and in fact," and whether the claim is substantially similar to previous claims. T.C.A. §§ 41-21-804(b)(1)-(3) (2014), 41-21-802.

As previously stated, the Defendant was aware his sentences were not illegal and did not file his motion for the purpose of correcting an illegal sentence. The Defendant's stated purpose was to obtain an order or a document to present to the parole board showing that he did not receive a sentence of life without the possibility of parole. Again, nothing in the record reflects that the Defendant received an illegal sentence of life imprisonment without the possibility of parole or that the Defendant's counselor believed the Defendant received such a sentence. The Defendant's discontent that consecutive service of his three life sentences and his thirteen-year sentence may, ultimately, prevent his release from confinement does not entitle him to relief. The Defendant's sentences are not illegal, and the Defendant acknowledged his understanding that he properly received life sentences. We conclude that the trial court did not err by finding that the Defendant's motion was frivolous and unnecessary and that the trial court did not err by imposing costs of the Defendant's motion against him.

Based upon the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-4-